IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
**Norfolk Division**



FILED

AUG - 8 2016

CLERK, US DISTRICT COURT
NORFOLK, VA

JERRY WILLIFORD,

        Plaintiff,

v.

        CIVIL ACTION 2:15cv324

GERHARD SEBER and
LINDA SEBER,

        Defendants.

*MEMORANDUM OPINION AND ORDER*

Before the Court is Defendants Gerhard and Linda Seber's ("Defendants") Motion to Dismiss First Amended Complaint for Failure to State a Claim upon Which Relief Can be Granted ("Motion"), pursuant to Federal Rule of Civil Procedure 12(b)(6). On May 11, 2016, the Court issued an Order notifying the parties of its intent to convert the Motion to a Motion for Summary Judgement pursuant to Federal Rule of Civil Procedure 12(d) and adjudicate the matter pursuant to Federal Rule of Civil Procedure 56. The parties were provided an opportunity to file additional briefings and elected not to; therefore, this matter is now ripe for disposition. For the reasons stated below, Defendants' Motion for Summary Judgement is **GRANTED**.

**I. FACTUAL AND PROCEDURAL HISTORY**

Plaintiff Jerry Williford ("Plaintiff"), a domiciliary of Florida, brings this personal injury action in diversity against Defendants, a Virginia couple. Plaintiff seeks damages after allegedly injuring himself on a staircase inside the garage apartment that he rented from Defendants. Am. Compl. ¶ 10, ECF No. 4-1. The Amended Complaint consists of two Counts. In Count One,

1

Plaintiff contends that Defendants failed to use reasonable care in keeping the apartment safe, which directly and proximately caused his injuries. *Id.* at ¶ 12-17. In Count Two, Plaintiff argues that Defendants breached their rental agreement by violating the Virginia Residential Landlord and Tenant Act, Va. Code. § 55-248.13. *Id.* at ¶ 19-21. Plaintiff seeks compensatory damages for medical expenses, lost wages, physical and mental suffering, and loss of enjoyment of life. *Id.* at ¶ 17, 21.

Defendants filed their first Motion to Dismiss on August 19, 2015, arguing that under Virginia law residential landlords do not have an affirmative duty to maintain premises under tenant possession and control. On August 28, 2015, Plaintiff filed a Motion to Amend/Correct Complaint, which added Count Two. Three days later, Plaintiff filed an Opposition to Defendants' Motion to Dismiss, but only addressed Count Two, claiming that Defendants were still liable for breach of contract. On December 4, 2015, the Court granted the Motion to Dismiss in part finding that Defendants had no duty, absent fraud or concealment, to ensure the safety of the apartment in question. ECF No. 8. The Court permitted the parties to file briefs on the remaining count. On that same day, Defendants filed the instant Motion. Defs.' Mot. to Dismiss First Am. Compl., ECF No. 9. Attached to the Motion, Defendants filed a September 2, 2015, sworn Affidavit stating that Defendants owned only one single-family residence at the time relevant to the Complaint and rented out a portion of that residence to Plaintiff. Defs.' Aff. ¶ 1-4, ECF No. 6-1.

After reviewing the Motion and Affidavit, the Court moved *sua sponte* pursuant to Rule 12(d) of the Federal Rules of Civil Procedure to convert the Defendants' Motion to a Motion for Summary Judgement. ECF No. 12. The Court granted leave for the parties to file briefs on the converted motion for summary judgement. Neither party responded.

2

## II. LEGAL STANDARDS

### A. Fed. R. Civ. P. 12(d) Conversion

A motion to dismiss pursuant to Rule 12(b)(6) or 12(c) may be converted to a Rule 56 motion for summary judgement by the court if, "matters outside the pleadings are presented to and not excluded by the court." Fed. R. Civ. P. 12(d). In the United States Court of Appeals for the Fourth Circuit, conversion of a Rule 12(b)(6) motion is triggered when matters outside the pleading under attack are presented and "considered" by the court. *Kipps v. Ewell*, 538 F.2d 564, 566 (4th Cir. 1976). Consideration simply means that the court reviewed the matters to trigger conversion, as opposed to affirmatively relying on or disregarding the matters. *Id.*; *North Star Intern. v. Arizona Corp. Com'n*, 720 F.2d 578, 582 (9th Cir. 1983) (holding that the district court relied on documents filed earlier with the court to convert plaintiff's motion to dismiss); *Barrett v. United Hospital*, 376 F. Supp. 791, 795 (S.D.N.Y. 1974) (holding that the court has the option to disregard extrinsic material and rule on the pleadings for a motion to dismiss), *aff'd without opinion*, 506 F.2d 1395 (2d Cir. 1974). "Matters outside the pleadings" include, but are not limited to, affidavits and admissions on file. Fed. R. Civ. P. 56(c). In order to properly convert a motion to dismiss to a motion for summary judgement, the extrinsic material, such as affidavits, must provide the court with an ability to make a complete and rational determination of the case. *See, e.g., Hollis v. U.S. Dept. of Army*, 856 F.2d 1541, 1545 (D.C. Cir. 1988) (ruling that the district court had "ample basis" to convert the motion to dismiss to a motion for summary judgement based on extrinsic evidence).

Once the Court determines that conversion is appropriate, "all parties must be given a reasonable opportunity to present all the material that is pertinent to the motion" for summary judgment. Fed. R. Civ. P. 12(d). Sufficiency of notice depends on the facts of the case, but

3

generally the parties must be given an opportunity to present evidence and pursue reasonable

discovery before the motion is ruled upon. *Jeffers v. Thompson*, 264 F. Supp. 2d 314, 322 (D.

Md. 2003) (citing *Gay v. Wall*, 761 F.2d 175, 177 (4th Cir.1985)). The notice need not be in

written form, but must be "reasonably calculated to inform the nonmoving party of the

conversion" and provide adequate opportunity to produce a triable issue of fact. *Davis v.

Zahradnick*, 600 F.2d 458, 460 (4th Cir. 1979). If the nonmoving party files extrinsic material

that presents a triable issue of fact and the court fails to consider the material in granting the

motion for summary judgement, the court could have committed a reversible error. *Freeman v.

Marine Midland Bank-New York*, 494 F.2d 1334, 1338-339 (2d Cir. 1974) (holding that the

district court erred in dismissing the complaint after plaintiff filed an affidavit creating a triable

issue of fact).

**B. Fed. R. Civ. P. 56 Motion for Summary Judgment**

Once converted, a motion pursuant to Rule 56 of the Federal Rules of Civil Procedure

shall be granted if, "[The] movant shows that there is no genuine dispute as to any material."

Fed. R. Civ. P. 56(a); *see also McKinney v. Bd. of Trustees of Md. Cmty. Coll.*, 955 F.2d 924,

928 (4th Cir. 1992) ("[S]ummary judgments should be granted in those cases where it is

perfectly clear that no issue of fact is involved and inquiry into the fact is not necessary to clarify

the application of the law.") (citations omitted).

Under Rule 56, the court does not make a presumption that allegations of the complaint

embrace facts that are necessary to support the claim, but rather requires that the opposing party

"come forward with specific facts showing that there is a genuine issue for trial." *Matsushita

Elec. Indus. Co., Ltd. v. Zenith Radio Corp*, 475 U.S. 574, 586-87 (internal quotations omitted).

Summary judgement will be granted "against a party who fails to make a showing sufficient to

establish the existence of an essential element to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986). The nonmoving party may not rely on mere allegations or denials set forth in the initial pleadings, but must respond, by affidavit or otherwise, with specific facts. Additionally, "[T]he evidence must create fair doubt; wholly speculative assertions will not suffice." *Ross v. Commc'ns Satellite Corp.*, 759 F.2d 355, 364 (4th Cir. 1985); *see also Ash v. United Parcel Serv., Inc.*, 800 F.2d 409, 411-12 (4th Cir. 1986) (noting that the nonmoving party must offer more than unsupported speculation to withstand a motion for summary judgement). If the nonmoving party does not respond, summary judgement ought to be entered against that party. Fed. R. Civ. P. 56(e)(2).

### III. DISCUSSION

Plaintiff alleges in his two-count Amended Complaint that Defendants are liable for the injuries he sustained on Defendants' property. Count One has already been dismissed by the Court for failing to state a claim upon which relief can be granted, pursuant to Rule 12(b)(6). *See* ECF No. 8. The Court determined that Plaintiff's negligence claim rested on the liability of Defendants in failing to address the alleged unsafe conditions of the apartment, yet Virginia law does not recognize such liability. *See Isbell v. Commercial Inv. Assoc.*, 273 Va. 605, 614, 644 S.E.2d 72, 76 (2007); *see also Steward v. Holland Family Properties, LLC, et al.*, 284 Va. 282, 286, 726 S.E.2d 251 at 253 (2012). For this reason, the Court shall only consider Count Two of the Amended Complaint in determining the outcome of the Motion for Summary Judgement.

### A. Defendants' Affidavit Triggers Rule 12(d) Conversion

On September 2, 2015, Defendants filed an Affidavit with the Court stating, inter alia, that they owned only one single-family residence during the relevant period. Pursuant to Rule 12(d), the Affidavit constitutes outside material not included in the initial pleadings. The Court

has considered the Affidavit and deemed the conversion of Defendants' Motion to a Motion for Summary Judgement to be an appropriate course of action.

**B. Violation of the Virginia Residential Landlord and Tenant Act, Va. Code § 55-248**

Plaintiff contends in Count Two of the Amended Complaint that Defendants breached their rental agreement by violating the Virginia Residential Landlord and Tenant Act, Va. Code § 55-248 ("Act"). Defendants counter that the rental agreement at issue falls under an enumerated exemption of the Act, Va. Code § 55-248.5(A)(10), and that the Plaintiff does not, and cannot, establish that the parties otherwise agreed to those duties by contract. Defs.' Opp. to Pl's Am. Compl. at 2.

The Act instructs residential landlords to follow applicable building codes related to health and safety. Landlords who fall within the purview of the Act must ensure that their rental properties are, among other things, habitable, clean, and in good-repair. Va. Code § 55-248.13. However, not all rental arrangements are controlled by the Act. Defendants invoke Va. Code § 55-248.5(A)(10), which exempts rental agreements based on, "Occupancy in single-family residences located in Virginia where the owners are natural persons of their estates who own in their own name no more than two single-family residences subject to a rental agreement." In spite of the provisions of subsection A, landlords can specifically provide for the applicability of the Act in a rental agreement. Va. Code § 55-248.5(E).

In the sworn Affidavit, Defendants make four claims: (1) Defendants solely owned and operated the premises referenced in the Complaint as a single-family residence; (2) Defendants resided on the premises during the relevant times; (3) the premises constituted the Defendants' sole ownership interest in real property; and (4) Defendants neither owned nor had an interest in any single-family residences subject to a rental agreement with the exception of the premises at

issue. In a motion for summer judgment, the Court must determine whether the nonmoving party has presented a genuine issue for trial, not to weigh the given evidence and find the truth of the matter. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242 (1986). Plaintiff has not objected to the Affidavit nor produced any evidence that might infer a material factual dispute. For this reason, the Court finds that Affidavit accurately depicts the parties' rental agreement.

The Act imposes statutory duties not based in common law nor implied by operation of law. The Court finds that the uncontested Affidavit provides sufficient evidence that the Act does not apply to the rental agreement at issue, pursuant to Va. Code § 55-248.5(A)(10). Therefore the parties must then have agreed contractually to be bound by the provisions of the Act. Plaintiff has not shown that the parties agreed to incorporate Va. Code § 55-248 into the language of the rental agreement. Because Plaintiff has not identified a genuine issue of material fact, Count Two must be dismissed.

### CONCLUSION

The Plaintiff's Amended Complaint fails to state a claim upon which relief can be granted because it is predicated on an application of the Virginia Residential Landlord and Tenant Act which, as a matter of law, does not apply. Plaintiff did not refute this. Accordingly, the Defendants Motion for Summary Judgement is **GRANTED**.

In addition, the Clerk is **DIRECTED** to send a copy of this Order to the parties and their counsel.

**IT IS SO ORDERED.**

Norfolk, Virginia
August  , 2016

Raymond A. Jackson
United States District Judge